**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NELLSON NUTRACEUTICAL, INC.,[1] | ) | Case No. 06-10072 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: April 19, 2006 @ 1:30 p.m.** |
| | ) | **Objections Due: April 12, 2006 @ 4:00 p.m.** |

**MOTION OF VYSE GELATIN COMPANY FOR AN ORDER DIRECTING
THE ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSES ARISING UNDER 11 U.S.C. §503(b)(9)**

VYSE Gelatin Company ("VYSE") hereby moves this Court (the "Motion") for entry of an order, pursuant to section 503(b)(9) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), directing the allowance and payment of VYSE's section 503(b)(9) administrative expense claim in the amount of $139,264.00. In support of this Motion, VYSE respectfully states as follows:

**Background**

1.   On January 28, 2006 (the "Petition Date"), Nellson Nutraceutical, Inc. and seven of its affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.   The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.   VYSE was, and continues to be, a regular supplier of hydrolyzed beef gelatin and

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification numbers are as follows: (a) Nellson Nutraceutical, Inc., a Delaware corporation, Fed. Tax Id. #5044; (b) Nellson Holdings, Inc., a Delaware corporation. Fed. Tax Id. #0642; (c) Nellson Intermediate Holdings, Inc., a Delaware corporation, Fed. Tax Id. #0653; (d) Nellson Northern Operating, Inc., a Delaware corporation, Fed. Tax Id. #4689; (e) Nellson Nutraceutical Eastern Division, Inc., a Delaware corporation, Fed. Tax Id. #8503; (f) Nellson Nutraceutical Powder Division. Inc., a Delaware corporation. Fed. Tax Id. #3670; and (g) Vitex Foods, Inc., a California corporation, Fed. Tax Id. #9218.

other related products to the Debtors.

4. In the period prior to the Petition Date, VYSE shipped certain goods to the Debtors such that they were received by the Debtors within the time prescribed by section 503(b)(9) of the Bankruptcy Code for administrative priority (the "Claim Period"). During the Claim Period, the Debtors received goods from VYSE valued at $139,264.00, which goods were sold to the Debtors in the ordinary course of the Debtors' businesses (the "Goods Claim"). Copies of the invoices evidencing the Goods Claim are attached hereto as Exhibit A.

### Jurisdiction

5. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein is section 503(b)(9) of the Bankruptcy Code.

### Relief Requested

7. By this Motion, VYSE seeks entry of an order directing the allowance and payment of the Goods Claim as an administrative expense under section 503(b)(9) of the Bankruptcy Code.

### Basis for Relief

8. Section 503(b)(9) of the Bankruptcy Code provides in pertinent part:

> After notice and a hearing, there shall be allowed, administrative expenses ... including-
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

SL1 622542v1/000000.00000

9.  "It is axiomatic that the plain language of a statute controls, and that where congressional intent is clear, reference to legislative history and pre-Code practice is not necessary." *In re Lernout & Hauspie Speech Products, N.V.*, 264 B.R. 336, 341 (Bankr. D. Del. 2001). Accordingly, when a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

10. Under the plain meaning of section 503(b)(9), in order to qualify for an administrative claim, the administrative claimant must demonstrate that the claim was based upon: (i) the value of goods received by the debtor within 20 days prior to the debtor filing for bankruptcy; and (ii) the fact that the goods were sold to the debtor in the ordinary course of the debtor's business. *See*, 11 U.S.C. § 503(b)(9).

11. VYSE's request for payment of the Goods Claim satisfies section 503(b)(9)'s requirements. First, the Goods Claim is based upon the value of goods shipped to, and received by, the Debtors within the Claim Period. In this case, the 20-day period counting back from the Petition Date ends on a Sunday, January 8, 2006, at the latest, or, under Third Circuit precedent, Friday, January 6, 2006, at the earliest. *See*, *e.g., Matter of Nelson Co*., 959 F.2d 1260, 1265-67 (3rd Cir. 1992) (counting days, for preference purposes, backwards from the petition date); Fed. R. Bankr. Pro. 9006.

12. The value of the Goods shipped to and received by the Debtors is evidenced by the invoices in Exhibit A.

13. Debtors received the Goods reflected in the Invoices attached hereto as Exhibit A on January 9, 12, and 25, 2006, (well within the 20-day period) as indicated in the Bills of Lading attached hereto as Exhibit B.

14. Finally, the Goods Claim represents goods sold to the Debtors in the ordinary

course of the Debtors' businesses. The Debtors are in the business of manufacturing food bars and powders and VYSE supplied the Debtors with hydrolyzed beef gelatin and other-related goods, which the Debtors used in manufacturing their food items. Moreover, the Goods were ordered and shipped in the ordinary course of the Parties' dealings as evidenced by the Debtors' Purchase Orders attached hereto as Exhibit C. Thus, the goods were sold to the Debtors in the ordinary course of the Debtors' businesses.

15    Having satisfied the requirements of section 503(b)(9) of the Bankruptcy Code, the Goods Claim is entitled to administrative priority under the plain language of the statute.

### Notice

16    Notice of this Motion is being provided to: (i) Counsel for the Debtors; (ii) Office of the United States Trustee; (iii) Counsel for UBS; (iv) Counsel for Wells Fargo; (v) Counsel for Fremont; (vi) Counsel for the Official Committee of Unsecured Creditors; (vii) Counsel to the Ad Hoc Committee of First Lien Lenders; and (viii) those parties that have requested notice pursuant to Bankruptcy Rule 2002. VYSE submits that no further or other notice need be provided.

### No Prior Request

17    No prior request for the relief sought in this Motion has been made to this Court or any other Court by VYSE.

SL1 622542v1/000000.00000

WHEREFORE, VYSE Gelatin Company requests that this Court enter an order, substantially in the form attached hereto as Exhibit D, (i) allowing, in full, the Goods Claim in the amount of $139,264.00 with administrative expense priority under section 503(b)(9) of the Bankruptcy Code; (ii) directing the Debtors to pay such amount to VYSE in full as soon as practicable, but in no event later than twenty (20) business days from the entry of an order allowing such claim; and (iii) granting such other relief as is just under the circumstances.

Dated: March 31, 2006

        Respectfully Submitted,
        STEVENS & LEE P.C.

        By: */s/ Joseph Grey*
        Joseph Grey (ID2358)
        1105 North Market Street
        Seventh Floor
        Wilmington, Delaware  19801
        Tel:  (302) 654-5180
        Fax:  (302) 654-5181
        Email:  jg@stevenslee.com

        Berger, Newmark & Fenchel P.C.
        Frank Davenport, Esquire
        303 West Madison Street
        23rd Floor
        Chicago, Illinois  60606
        Tel:  312-782-5050

        *Counsel for Movant*