## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NELLSON NUTRACEUTICAL, INC., *et. al.* | : | Case No. 06-10072(CSS) |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Related to Docket No. 716 |

## ORDER DIRECTING UNITED STATES TRUSTEE TO APPOINT AN EXAMINER

Upon consideration of the Motion of the United States Trustee (the "UST") for the Entry of an Order Appointing a Chapter 11 Trustee (the "Motion"), the joinders, response, and objections thereto, and after notice and an opportunity for a hearing pursuant to 11 U.S.C. § 102(1), and the Court finding that the appointment of the Examiner is in the interests of creditors, any equity security holders, and other interests of the estate; and the Court finding that good cause has been shown for the relief provided below, and with the agreement of the Parties (as defined below), it is hereby

ORDERED THAT the UST is directed to appoint one examiner ("Examiner") pursuant to 11 U.S.C. § 1104(c) on the terms set forth herein;

ORDERED THAT the appointment of the Examiner will occur on the earlier of (a) the date upon which the court issues its decision in the valuation litigation which is currently ongoing (the "Valuation Litigation") provided that the UST, the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), UBS, as Agent for the First Lien and Second Lien Lenders ("UBS"), the Ad Hoc Committee of First Lien Lenders (the "Ad Hoc Committee" and together with the UST, the Debtors and the Committee, the "Parties") have agreed to a scope of services to be performed by the Examiner in connection with his or her examination (the "Examination"), or (b) January 10, 2007 (the "Hearing" or "Hearing Date");

ORDERED THAT the Parties will use their respective best efforts to negotiate a consensual scope for the Examination on or before the Hearing Date. In the event that the Parties are unable to agree on a consensual scope for the Examination prior to the Hearing Date, the Court will hear argument on establishing an appropriate scope of Examination on the Hearing Date;

ORDERED THAT the scope of the Examination will, at a minimum, include an examination of the allegations made by the Trustee in the Motion including, without limitation, the following: (a) an investigation of discussions between the Debtors and the members of the Committee (the "Members") during the Valuation Litigation regarding their ongoing and future business relationship; (b) a determination as to whether any protocol should be established in order to protect the proper administration of the bankruptcy process; and (c) otherwise perform the duties of an examiner set-forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code;

ORDERED THAT this Order does not preclude or limit any Party from filing a motion to appoint a chapter 11 trustee or a motion seeking to broaden the scope of the Examination conducted by the Examiner in connection with this Order (the "Second Motion"). Such Second Motion, if filed, will be heard by the Court on the Hearing Date, provided that such Second Motion is filed and served on all of the Parties and any other parties in interest entitled to notice of such motion or before December 10, 2006;

ORDERED THAT in the event that a Second Motion is filed on or before December 10, 2006, formal discovery with respect to such Second Motion will not commence until December 26, 2006, provided however, that document discovery requests may be served prior to December 26, 2006 and, if served by December 10, 2006, will be answered or otherwise responded to by the Debtors on or before December 26, 2006. Any discovery issued in connection with a Second

Motion shall be served upon all Parties and any responses thereto shall be served upon all Parties;

ORDERED THAT the relief granted herein shall not restrict any Party from moving for any other and appropriate relief as such Party may deem necessary based on developments in the chapter 11 case, including, a request to restrict the use of cash collateral in connection with the expense of the Examination (provided however that cash collateral may be used to compensate the Examiner provided that the Examiner complies with the scope of the Examination and any budget allocated in connection with the Examination as agreed to by the Parties or as ordered by the Court);

ORDERED THAT the Debtors, the Committee, UBS, and the Ad Hoc Committee are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Examination;

ORDERED THAT neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Examination or the Examiner's duties until the Examiner's report is filed with the Court and served upon the Parties, provided that any disclosure of information by the Examiner to one of the Parties shall be made substantially contemporaneously to all Parties;

ORDERED THAT the Examiner shall prepare, serve upon the Parties and file a report, as is required by 11 U.S.C. § 1106(a)(4), within the time-frame agreed to among the Parties or as otherwise ordered by the Court;

ORDERED THAT the Examiner shall cooperate fully with any governmental agencies (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local government agency that may be investigating the Debtors,

its management or its financial condition, and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with, or duplication of, any investigations conducted by such agencies;

ORDERED THAT the Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Examination, and shall be entitled to appear and be heard at any and all hearings in these cases with respect to such matters; and if is further

ORDERED THAT the Stipulation between the Debtors and the Committee, which is attached as Exhibit A, is approved.

Dated: November 29, 2006
Wilmington, Delaware

BY THE COURT:

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge