**EXHIBIT A**

# STIPULATION BY AND BETWEEN THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

STIPULATION by and between Nellson Nutraceutical, Inc. and its affiliates (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and together with the Debtors, the "Parties") dated as of this _____ day of November 2006:

WHEREAS, the UST field a Motion for the Entry of an Order Appointing a Chapter 11 Trustee (the "Motion").

WHEREAS, due and sufficient notice of the Motion was given to interested parties in accordance with the Bankruptcy Code and Rules.

WHEREAS, the Debtors and its major equity holder objected to the relief requested in the Motion.

WHEREAS, the Committee filed a joinder to the Motion.

WHEREAS, at the date and time scheduled and duly noticed for the hearing on the Motion, the Court was advised that although the Parties each believe they are correct in their respective positions, it is in the interest of all parties to resolve this matter without more delay and thus, the Debtor, the Committee and other parties in interest have agreed to support the entry of an Order appointing an examiner (the "Order").

WHEREAS, the Debtor and the Committee agree to have this Stipulation attached as Exhibit A to the Order.

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. Certain actions and statements made by the Debtors' management to members of the Committee (the "Members"), which statements were perceived by the Members as threats by the Debtors and a request that the Committee alter its legal position in the valuation litigation which is currently ongoing (the "Valuation Litigation") were factors that precipitated the filing

of the Motion. Debtors' management accepts the legal position taken by the Members but states that it had no wish or plan to influence the Committee in connection with the Valuation Litigation. While the Debtor's management's actions were not intended to attack the Committee, such Management understands how the Members could reasonably construe Nellson's supply decisions as an attack on the Members. While not conceding that the statements to the Members were in the nature of threats, the Debtors' management team apologizes for certain statements they made to the Members during the Valuation Litigation.

2. The Committee states that the Committee's examination of members of the Debtors' non-shareholder management team during the Valuation Litigation was not intended to be critical of such management team's daily operational management of the Debtors' business. The Committee understands how Debtors' management may have construed it as such and regrets that such statements were so interpreted by Debtors' non-shareholder management team.

2. Debtors' management has agreed to restore and continue the *status quo* in place prior to the Valuation Litigation with respect to the Members. Towards that end, Debtors' management shall take whatever action is reasonably necessary to restore the *status quo* that existed with respect to its relationship with the Members prior to the Valuation Litigation, including, without limitation, directing its employees charged with purchasing goods and services from vendors to ignore all directives regarding discontinuing business relationships with Members or sourcing from entities other than Members for the goods/services ordinarily provided by the Members based upon statements made by the Members, the Committee as a whole or Committee counsel in the course of the chapter 11 case. The Debtors have agreed not to take or continue any adverse action against any Member resulting from the Committee's legal position or its counsel's statements during the course of the Debtors' chapter 11 case, including,

without limitation, the nature of the committee examination of witnesses during the Valuation Litigation and the Committee's views regarding the credibility of the Debtors' business plan.[1]

3. The parties acknowledge that returning to the "*status quo*" also means that the Debtors are free to source and purchase products that they currently purchase from Members from suppliers who are not Members, provided that they use customary business criteria to make such purchasing decisions including the following: price, payment terms, availability of stock, reliability of deliveries, timing of deliveries, etc.

4. The Committee has expressed its regret that the Debtor's management team interpreted the Committee examination of the Nellson management team during the Valuation Trial as being critical of Debtors' management's skills in the daily running of the Debtors' business operations.

IN WITNESS WHEREOF, intending legally to be bound, the parties have caused their authorized representatives to execute this Stipulation as of the date first set forth above.

NELLSON NUTRACEUTICAL, INC. *et al.*          OFFICIAL COMMITTEE OF
                                              UNSECURED CREDITORS.

By: _____                   By: _____
Name:                                         Name:
Title:                                        Title:

---

[1] This provision is not one that the UST required in connection with the resolution of the Motion, but it is one that the Committee and other parties in interest required in connection with the resolution of their joinders to the Motion.

without limitation, the nature of the committee examination of witnesses during the Valuation Litigation and the Committee's views regarding the credibility of the Debtors' business plan.[1]

3. The parties acknowledge that returning to the "*status quo*" also means that the Debtors are free to source and purchase products that they currently purchase from Members from suppliers who are not Members, provided that they use customary business criteria to make such purchasing decisions including the following: price, payment terms, availability of stock, reliability of deliveries, timing of deliveries, etc.

4. The Committee has expressed its regret that the Debtor's management team interpreted the Committee examination of the Nellson management team during the Valuation Trial as being critical of Debtors' management's skills in the daily running of the Debtors' business operations.

IN WITNESS WHEREOF, intending legally to be bound, the parties have caused their authorized representatives to execute this Stipulation as of the date first set forth above.

NELLSON NUTRACEUTICAL, INC. *et al.*

By: _____
Name: Jeffrey B. Dins
Title: President

OFFICIAL COMMITTEE OF UNSECURED CREDITORS.

By: _____
Name: Cary A. Levitt
Title: Chairperson - Committee of Unsecured Creditors

---

[1] This provision is not one that the UST required in connection with the resolution of the Motion, but it is one that the Committee and other parties in interest required in connection with the resolution of their joinders to the Motion.