IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NELLSON NUTRACEUTICAL, INC.,[1] | ) | Case No. 06-10072 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

Objection Deadline: October 12, 2007 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: October 19, 2007 at 10:00 a.m. prevailing Eastern time

## SUMMARY OF FINAL APPLICATION OF ALVAREZ & MARSAL SECURITIES, LLC. AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Alvarez & Marsal Securities, LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | April 30, 2007 |
| Period for which compensation and reimbursement is sought: | August 28, 2007 – September 21, 2007 |
| Amount of compensation sought as actual, reasonable and necessary: | $1,598,500.00 |
| Amount of reimbursement sought as actual, reasonable and necessary: | $3,929.52 |

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) Nellson Nutraceutical, Inc., a Delaware corporation, Fed. Tax Id. #5044; (b) Nellson Holdings, Inc., a Delaware corporation, Fed. Tax Id. #0642; (c) Nellson Intermediate Holdings, Inc., a Delaware corporation, Fed. Tax Id. #0653; (d) Nellson Northern Operating, Inc., a Delaware corporation, Fed. Tax Id. #7694, (e) Nellson Nutraceutical Eastern Division, Inc., a Delaware corporation, Fed. Tax Id. #8503; (f) Nellson Nutraceutical Powder Division, Inc., a Delaware corporation, Fed. Tax Id. #3670; and (g) Vitex Foods, Inc., a California corporation, Fed. Tax Id. #9218.

This is an __ interim

                                 _X_ final application

| PREVIOUS REQUESTS | | REQUESTED: | | APPROVED: 80% Fees | 100% Expenses |
|---|---|---|---|---|---|
| | | Fees: | Expenses: | Fees: | Expenses: |
| May 31, 2007 | | $200,000.00 | $16,783.99 | | |
| July 2, 2007 | | $100,000.00 | $20,554.15 | | |
| August 30, 2007 | | $100,000.00 | $19,701.27 | | |
| September 12, 2007 | | $100,000.00 | $11,161.05 | | |

## ATTACHMENT A – LOCAL FORM 102/RULE 2016-2
## COMPENSATION BY CATEGORY

**Investment Banking:**

| Matter/Category | Total Hours | Discounted Hours | Discounted Fees | Total Fees (Excluding Discounted Fees) |
|---|---|---|---|---|
| Investment Banking | | 0.00 | $ | $1,598,500.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## ATTACHMENT B - LOCAL FORM 102/RULE 2016-2
## EXPENSE SUMMARY

**Investment Banking:**

| EXPENSE CATEGORY: | TOTAL EXPENSES: |
|---|---|
| Air | $2,496.60 |
| Ground | $352.60 |
| Lodging | $929.62 |
| Meals | $18.09 |
| Miscellaneous | $15.50 |
| Telephone/Cell | $117.11 |
| **Grand Total:** | **$3,929.52** |

Dated: September 21, 2007        ALVAREZ & MARSAL SECURITIES, LLC


_____

James D. Decker, Managing Director
Alvarez & Marsal Securities, LLC
3399 Peachtree Road, NE
Atlanta, GA 30326
(404)-260-4000

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NELLSON NUTRACEUTICAL, INC.,[1] | ) | Case No. 06-10072 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

Objection Deadline: October 12, 2007 at 4:00 p.m. (prevailing Eastern time)
Hearing Date: October 19, 2007 at 10:00 a.m. prevailing Eastern time

## FINAL APPLICATION OF ALVAREZ & MARSAL SECURITIES, LLC AS FINANCIAL ADVISOR TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Alvarez & Marsal Securities, LLC ("A&M" or "Applicant"), Financial Advisor for the above-captioned Debtors and Debtors In Possession (collectively, the "Debtors"), hereby applies for final allowance of compensation for professional services rendered in the amount of $1,598,500.00 together with reimbursement of expenses incurred in the amount of $3,929.52 through September 19, 2007 (the "Fee Period"). In support of its final application (the "Application"), A&M respectfully states as follows:

### FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT

1. A&M makes this Application pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and the Court's administrative order, dated

---

[1] The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows: (a) Nellson Nutraceutical, Inc., a Delaware corporation, Fed. Tax Id. #5044; (b) Nellson Holdings, Inc., a Delaware corporation, Fed. Tax Id. #0642; (c) Nellson Intermediate Holdings, Inc., a Delaware corporation, Fed. Tax Id. #0653; (d) Nellson Northern Operating, Inc., a Delaware corporation, Fed. Tax Id. #7694, (e) Nellson Nutraceutical Eastern Division, Inc., a Delaware corporation, Fed. Tax Id. #8503; (f) Nellson Nutraceutical Powder Division, Inc., a Delaware corporation, Fed. Tax Id. #3670; and (g) Vitex Foods, Inc., a California corporation, Fed. Tax Id. #9218.

February 22, 2006, establishing procedures for interim compensation and reimbursement of expenses of professionals employed in the Debtors' chapter 11 cases.

2. A&M seeks final approval and allowance of compensation for professional services charged to the Debtors during the Fee Period in the amount of $1,598,500.00 (inclusive of the amount of $500,000 which, in the aggregate, has been subject of prior Application). A&M also requests reimbursement of actual and necessary out-of-pocket expenses incurred in connection with its representation of the Debtors during the Fee Period in the amount of $72,130.40 or which $3,929.52 has not been subject of a previous Application. A schedule setting forth these additional expenses for which A&M is seeking reimbursement, is attached hereto as Exhibit "A".

3. A&M has attempted to include in this Application all fees, time and expenses relating to the Fee Period. Delays in processing time and receiving invoices for expenses, however, do occur. Accordingly, A&M reserves the right to request additional compensation for reimbursement of expenses incurred during the Fee Period or through the remaining life of the cases in subsequent applications for allowance of compensation and reimbursement.

4. This is A&M'S fifth and final application for compensation and reimbursement of expenses in these chapter 11 cases.

## GENERAL BACKGROUND

5. On January 28, 2006 (the "Petition Date"), the Debtors commenced these reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors filed motions and applications seeking typical "first day" orders. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating these chapter 11 filings, is set forth in detail in the *Affidavit of Ted Schouten, Chief Financial Officer of the Debtors, in Support of First Day Motions Filed Concurrently Herewith* (the "Schouten Affidavit"), and is incorporated herein by reference.

6. The Debtors are leading formulators and manufacturers of functional nutrition bars and powders. The Debtors manufacture food bars and powders for weight loss, sports

training and wellness and medical categories. The Debtors' headquarters and principal manufacturing facility is located in Irwindale, California. Specifically, the Debtors (and their non-Debtor Canadian affiliate) operate three highly modern manufacturing facilities, which are located in Irwindale, California, Salt Lake City, Utah and Montreal, Canada.

7. The Debtors do not manufacture products under their own label, but produce for leading industry functional food marketers. As a result of such relationships, the Debtors are the clear market leader in their portion of the market.

8. The Debtors typically provide the majority of the product lines of their customers under two to three year exclusive contracts with pre-established pricing and have long-term contracts in place with certain key customers. Unique to this type of company, the Debtors own the rights to the majority of the formulations developed for customers and hold proprietary knowledge with regard to temperatures, mixed times, order of addition and other preparation procedures around these formulas.

9. The Debtors are continuing in possession of their properties, and are operating and managing their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. An auction for the sale of substantially all of the assets was conducted on August 22, 2007 (the "Auction") and the hearing on the Order Approving Sale occurred on August 23, 2007(the "Sale Hearing") resulting in the issuance by the Court of the Order Approving Sale (the "Sale Order").

## JURISDICTION

11. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(a) & (b) as set forth in 28 U.S.C. § 157(b)(2)(A). Venue of these cases and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. In accordance with Local Rule 2016-2, A&M certifies that this Application complies with the Local Rules. See, Certification of James D. Decker attached hereto as Exhibit "B".

## RETENTION OF A&M

13. By order of this Court the Debtors have retained A&M, under section 327(a) of the Bankruptcy Code (the "Retention Order"), to serve as financial advisor and investment bankers to the Debtors. Pursuant to the Retention Order, A&M has been retained to:

- assist in preparing an offering memorandum (with any amendments and supplements thereto, the "Sale Memorandum") for distribution and presentation to prospective purchasers;
- assist in soliciting interest in a transaction among prospective purchasers;
- assist in evaluating proposals received from prospective purchasers;
- advise the Company as to the structure of the Sale Transaction, including the valuation of any non-cash consideration;
- assist in negotiating the financial terms and structure of a Sale Transaction; and
- provide other financial advisory service and investment banking services reasonably necessary to accomplish the foregoing and consummate a Sale Transaction.

14. A&M has in the past provided consulting services to many different types of companies and committees, both in and out of bankruptcy, and A&M has been, and is currently, involved in a number of large bankruptcy cases. The A&M professionals who are providing services to the Debtors are familiar with the industry in which the Debtors operate their business, and they have substantial experience in financial consulting and in performing the services required by the Debtors. As such, A&M is well qualified to act as financial advisor and investment bankers to the Debtors in these bankruptcy proceedings.

## A&M AND ITS BILLING PRACTICES

15. In respect of this Court's Order, A&M has maintained time records in these cases. Annexed hereto as Exhibit "C" and incorporated herein by reference, are the time records (the "Time Records") of A&M personnel showing a day-by-day entry of all time spent by A&M'S professionals in connection with advising the Debtors subsequent to the Fourth Fee Period. The Time Records provide a chronological, daily explanation of the services rendered by A&M.

16. The services for which compensation is being sought by A&M were rendered for and on behalf of the Debtors. A&M has received no other payments or promises of payment from any other source for services rendered in any capacity whatsoever in this case. There is no

outstanding agreement or understanding between A&M and any other person, other than professionals of A&M, for the sharing of compensation.

17. At all relevant times, A&M has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code and has not represented nor held any interest adverse to this estate.

## OVERVIEW OF KEY ACCOMPLISHMENTS DURING THIS FEE PERIOD

18. During this billing period, A&M worked closely with the Debtor to prepare for and conduct the Auction. A&M reviewed the final bid packages submitted by bidders, negotiated various aspects of each bid submission, established a bidding process and conducted the Auction. A&M prepared for and provided testimony in support of the Debtor's Motion for Order Approving Sale on August 23. A&M has been working with Debtor's counsel on post-auction and pre-closing issues.

19. The Debtors did not possess the resources or knowledge and experience to manage all aspects of the estate under bankruptcy supervision, and the services rendered by A&M professionals have allowed the Debtors to operate under bankruptcy with minimal disruption to the business.

## SUMMARY OF FINANCIAL ADVISORY SERVICES RENDERED

20. In connection with the issues presented in these chapter 11 cases, A&M has played an important role in providing investment banking services to the Debtors while working closely with counsel for the Debtors'. The fee for the period is $1,598,500.00 as specified in the Engagement Letter as the Auction resulted in gross consideration to the estate of $159,850,000.

## DISBURSEMENTS

21. For this Fee Period, A&M is requesting reimbursement for reasonable and necessary out-of-pocket expenses incurred. Exhibit "A" attached hereto summarizes the actual expenses incurred by A&M during this Fee Period and Exhibit "D" details each of the expenses incurred. Each of the charges reflected on Exhibit "A" and Exhibit "D" is based on the actual and necessary expenses incurred by A&M in the exercise of reasonable discretion.

## CONCLUSION

22. A&M'S services have resulted in significant benefits to the Debtors. Accordingly, A&M respectfully submits that its request for compensation and reimbursement of expenses is reasonable and is justified by the benefits received by the Debtors and that the request, therefore, should be allowed in full.

WHEREFORE, A&M respectfully requests entry of an order granting (a) final allowance of compensation for professional services rendered in the amount of $1,598,500.00 (inclusive of $500,000 previously applied for, to the extent not previously paid), plus expenses incurred in the amount of $72,130.40 (of which $3,929.52 is for the most recent Fee Period) totaling $1,670,630.40 for the period ending September 21, 2007, (b) authorizing the Debtors to pay to A&M 100% of the fees allowed, to the extent not previously paid, in the amount of $1,598,500.00 and 100% of the expenses allowed, to the extent not previously paid, in the amount of $72,130.40 for a total of $1,670,630.40 pursuant to the Compensation Procedures Order; and (c) such other and further relief as is just and proper.

Dated: September 21, 2007

ALVAREZ & MARSAL SECURITIES, LLC

By: _____
James D. Decker, Managing Director