IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| NELLSON NUTRACEUTICAL, INC.,[1] | ) | Case No. 06-10072 (CSS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | **Related Docket Nos. 2218, 2219** |

## ORDER CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION FOR NELLSON NUTRACEUTICAL, INC., ET AL.

The above-captioned debtors and debtors in possession (jointly, the "Debtors"),

having filed their respective voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on January 28, 2006 (the

"Petition Date"), commencing the above captioned jointly administered bankruptcy cases (the

"Chapter 11 Cases"); and the Debtors having filed with this Court on July 25, 2008, the *Chapter*

*11 Plan of Liquidation For Nellson Nutraceutical, Inc., et al.* [Docket No. 2219] (the "Plan");[2]

and the Debtors having filed with this Court on July 25, 2008 the *Disclosure Statement In*

*Respect of Chapter 11 Plan of Liquidation For Nellson Nutraceutical, Inc., et al.* [Docket No.

2218] (the "Disclosure Statement"); and the Disclosure Statement having been approved by

order of the Court dated July 25, 2008; and the Court having commenced a hearing to consider

---

[1]  The Debtors and the last four digits of each of the Debtors' federal tax identification numbers are as follows:
(a) Nellson Nutraceutical, Inc., a Delaware corporation, Fed. Tax Id. #5044; (b) Nellson Holdings, Inc., a Delaware
corporation, Fed. Tax Id. #0642; (c) Nellson Intermediate Holdings, Inc., a Delaware corporation, Fed. Tax Id.
#0653; (d) Nellson Northern Operating, Inc., a Delaware corporation, Fed. Tax Id. #4689, (e) Nellson Nutraceutical
Eastern Division, Inc., a Delaware corporation, Fed. Tax Id. #8503; (f) Nellson Nutraceutical Powder Division, Inc.,
a Delaware corporation, Fed. Tax Id. #3670; and (g) Vitex Foods, Inc., a California corporation, Fed. Tax Id. #9218.

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or the
Disclosure Statement, as the case may be.

confirmation of the Plan on September 10, 2008 (the "Confirmation Hearing"). The Court has reviewed the Plan, the Disclosure Statement, and other documents submitted in support of confirmation of the Plan.

The Court having considered the entire record adduced at the Confirmation Hearing, including without limitation, (i) the *Declaration and Statement of F. Duffield Meyercord in Support of Chapter 11 Plan of Liquidation For Nellson Nutraceutical, Inc., et al.*; (ii) *Memorandum in Support of Confirmation of the Chapter 11 Plan of Liquidation For Nellson Nutraceutical, Inc., et al.* (the "Memorandum"); (iii) *Affidavit of John Franks of AlixPartners, LLP Certifying the Ballots Accepting or Rejecting the Chapter 11 Plan of Liquidation For Nellson Nutraceutical, Inc., et al.* (the "Voting Declaration"); and (iv) statements of counsel at the Confirmation Hearing, including all testimony presented and evidence admitted by affidavit or otherwise at the Confirmation Hearing;

The Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Cases; and all objections and responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing, shall be, and hereby are, overruled; and after due deliberation and sufficient cause therefore

IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

### Findings of Fact and Conclusions of Law

A.      On the Petition Date, the Debtors commenced the Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Each of the

2

Debtors was and is qualified to be a debtor under section 109 of the Bankruptcy Code. These Chapter 11 Cases are jointly administered.

B.      Findings and Conclusions: The Court's findings of fact and conclusions of law set forth herein and in the record at the Confirmation Hearing constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact.

C.      Jurisdiction: This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O) and this Court has jurisdiction to enter a final order with respect thereto. Venue in the District of Delaware was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

D.      Judicial Notice: The Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence and arguments made, proffered or adduced at, hearings held before the Court during the pendency of these Chapter 11 Cases.

E.      Burden of Proof: The Debtors, as proponents of the Plan, have met the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

3

F.      Solicitation and Notice: On July 25, 2008, the Court approved that certain *Order (a) Approving the Adequacy of the Disclosure Statement; (b) Scheduling a Hearing to Confirm the Plan; (c) Establishing a Plan Objection Deadline; (d) Approving Form of Ballots, Voting Deadline and Solicitation Procedures; and (e) Approving Form and Manner of Notices* (Docket No. 2209) (the "Disclosure Statement Order"). The Disclosure Statement Order, among other things, approved the Disclosure Statement as containing "adequate information" of a kind and in sufficient detail to enable hypothetical, reasonable investors typical of the Debtors' creditors to make an informed judgment whether to accept or reject the Plan. Pursuant to the Disclosure Statement Order, the Debtors served Solicitation Packages (as defined in the Disclosure Statement Order) upon: (i) all known Holders of Claims against the Debtors as of the Voting Record Date who were entitled to vote on the Plan (i.e. Classes 3, 4 and 6); (ii) counsel to the Official Committee; (iii) counsel to the Agent; (iv) counsel to the Informal Committee; (v) counsel to Fremont; (vi) the United States Trustee; (vii) the Securities Exchange Commission; (viii) the Internal Revenue Services; and (ix) those parties that have requested service under Fed. R. Bankr. P. 2002. The Solicitation Packages consisted of: (i) the Disclosure Statement (including exhibits); (ii) the Plan (as an exhibit to the Disclosure Statement) or supplements thereto, if any; (iii) an appropriate Ballot(s), Master Ballot(s), and voting instructions; (iv) the Confirmation Hearing Notice; (v) any supplemental solicitation materials the Debtors may file with the Court (specifically including, a cover letter from the Debtors that briefly described the contents and purpose of the package and urged creditors to vote in favor of the Plan; and (vi) a pre-addressed return envelope, if applicable, at the Debtors' sole discretion. The Solicitation Packages were served in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the

4

Disclosure Statement Order. As described in the Disclosure Statement Order, and as evidenced by the Voting Declaration, the certificates of service filed in connection therewith, (i) the service of the Solicitation Packages was adequate and sufficient under the circumstances of these Chapter 11 Cases and (ii) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Disclosure Statement Order was timely provided in compliance with the Bankruptcy Code and Bankruptcy Rules, and provided due process and an opportunity to appear and be heard to all parties in interest.

F.      <u>Voting</u>: The Disclosure Statement Order fixed July 25, 2008, as the Voting Deadline. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement, and Disclosure Statement Order. As set forth in the Voting Declaration, the Plan has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by each Class of impaired Claims entitled to vote on the Plan: (i) Classes 1 and 2 are unimpaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and are therefore, not entitled to vote; (ii) Classes 5 and 7 receive no distributions under the Plan and are, therefore, conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code; (iii) Classes 3, 4 and 6 are Impaired and are entitled to vote to accept or reject the Plan.

**<u>Compliance with Requirements of Section 1129 of the Bankruptcy Code.</u>**

G.      <u>Section 1129(a)(1)-Compliance of the Plan with Applicable Provisions of the Bankruptcy Code.</u> The Plan complies with all applicable provisions of the Bankruptcy Code as required by 11 U.S.C. § 1129(a)(1), including, without limitation, 11 U.S.C. §§ 1122 and

5

1123. The Plan is dated and identifies the Debtors as proponents of such Plan. Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, other than Administrative Expenses, Superpriority Claims and Tax Claims. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. A reasonable basis exists for the classifications in the Plan. Pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, Articles IV and V of the Plan specify all Claims and Interests that are not impaired and specifies the treatment of all Claims and Interests that are impaired. Articles IV and V of the Plan identify Classes 3 through 7 as impaired under the Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class. Pursuant to section 1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for the Plan's implementation, as set forth in Article VI of the Plan. The Debtors will have, immediately upon the effectiveness of the Plan, sufficient cash available to make all payments that are required to be made on the Effective Date pursuant to the terms of the Plan.

    H.  <u>Section 1129(a)(2)-Compliance of the Debtors with Applicable Provisions of the Bankruptcy Code.</u> As required by 11 U.S.C. § 1129(a)(2), the Debtors, as proponents of the Plan, have complied with all applicable provisions of the Bankruptcy Code, including, without limitation, 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019. In particular, the solicitation of votes to accept or reject the Plan was (i) in compliance with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation, and (ii) solicited after disclosure to holders of Claims or

6

Interests. The Debtors have further complied with all the provisions of the Bankruptcy Code and the Bankruptcy Rules governing notice of the Confirmation Hearing, approval of the Disclosure Statement and all other matters considered by the Court in the Chapter 11 Cases. The record in the Chapter 11 Cases further discloses that the Debtors have attempted in good faith to comply with the orders of the Court entered during the pendency of the case and that the Debtors have not violated any such orders.

I.     Section 1129(a)(3)-Proposal of Plan in Good Faith. The Debtors proposed the Plan in good faith and not by any means forbidden by law. No person has filed a valid objection to confirmation of the Plan on the grounds that the Plan was not proposed in good faith or by any means forbidden by law. Accordingly, pursuant to Bankruptcy Rule 3020(b)(2), the Court may determine compliance with section 1129(a)(3) of the Bankruptcy Code without receiving evidence on such issues. The Court has examined the totality of the circumstances surrounding the formulation of the Plan and the evidence submitted in connection with the Confirmation Hearing. The Plan has been accepted by the requisite Holders of Claims in all Classes entitled to vote on the Plan and such acceptance evidences the informed judgment of Creditors that the Plan is in their best interests. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and to effectuate a distribution of such value to Creditors. The Plan was negotiated in good faith and at arms' length among representatives of the Debtors, the Agent, the Informal Committee, the Official Committee, and certain other key creditor constituencies during the Chapter 11 Cases. Therefore, the Plan has been proposed in good faith, as such term is used in sections 1129(a)(3) and 363(m) of the Bankruptcy Code.

J.    Section 1129(a)(4)-Bankruptcy Court Approval of Certain Payments as

Reasonable. Pursuant to section 1129(a)(4) of the Bankruptcy Code, any payment made or

promised by the Debtors or by any person acquiring property under the Plan, for services or for

costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the

Plan and incident to the Chapter 11 Cases to the extent of services provided before the

Confirmation Date, has been, or will be before payment, disclosed to this Court. Any such

payment made before the Confirmation Hearing is reasonable. Any such payment to be fixed

after the Confirmation Hearing is subject to the approval of this Court as reasonable.

K.    Section 1129(a)(5)-Disclosure of Identity and Affiliations of Proposed

Management, Compensation of Insiders and Consistency with the Interests of Creditors and

Public Policy. Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtors, with the

consent of the Support Parties, have selected James M. Gallagher as the initial Plan

Representative. Mr. Gallagher's appointment as Plan Representative is consistent with the

interests of creditors and equity security holders and with public policy. The Debtors have also

identified the initial members of the Supervisory Board. Accordingly, the Plan satisfies the

requirements of section 1129(a)(5) of the Bankruptcy Code.

L.    Section 1129(a)(6)-Approval of Rate Changes. No governmental

regulatory commission has jurisdiction over the rates of the Debtors. Section 1129(a)(6) is

inapplicable to confirmation of the Plan.

M.    Section 1129(a)(7)-Best Interests of Creditors and Interest Holders. With

respect to each Impaired Class of Claims or Interests of the Debtors, each holder of a Claim or

Interest in such Class has accepted the Plan or will receive or retain under the Plan on account of

8

such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtors were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. A conversion of the Chapter 11 Cases to chapter 7 would likely be accompanied by a decrease in the amount of recovery that Creditors would receive on account of their claims as a result of the commissions and additional administrative fees and expenses that would be incurred during a chapter 7 case. Thus, the Plan provides a superior recovery to Creditors than conversion of the Chapter 11 Cases, and accordingly, the Plan is in the best interests of creditors under section 1129(a)(7) of the Bankruptcy Code.

              N.      <u>Section 1129(a)(8)-Acceptance of the Plan by Each Impaired Class.</u> The Debtors have not complied with the provisions of section 1129(a)(8) of the Bankruptcy Code because Classes 5 and 7 are conclusively presumed to have rejected the Plan.

              O.      <u>Section 1129(a)(9)-Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.</u> The Plan provides for treatment of Administrative Expenses, Superpriority Claims and Tax Claims in the manner required by section 1129(a)(9) of the Bankruptcy Code.

              With respect to Professional Fee Claims, the Plan provides that Professionals requesting compensation or reimbursement of expenses pursuant to Sections 327, 328, 330, 331, 503(b) and 1103 of the Bankruptcy Code for services rendered prior to the Effective Date must File and serve pursuant to the notice provisions of the Interim Fee Order, an application for final allowance of compensation and reimbursement of expenses no later than sixty (60) days after the Effective Date. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

9

P.    Section 1129(a)(10)-Acceptance by at Least One Impaired Class. As required by section 1129(a)(10) of the Bankruptcy Code, at least one Class of Claims (specifically, Classes 3 and 4) that is impaired under the Plan has accepted the Plan, excluding votes cast by insiders, if any.

Q.    Section 1129(a)(11)-Feasibility. The Plan is a plan of liquidation and, therefore, meets the requirement of section 1129(a)(11) of the Bankruptcy Code that it is not likely to be followed by liquidation or the need for further financial reorganization unless a plan is one of liquidation. The Debtors will have sufficient funds to satisfy their obligations under the Plan and to fund the costs and expenses of the Plan Representative in connection with the liquidation of the remaining assets of the Estate and Distributions to be made by the Plan Representative in accordance with the Plan.

R.    Section 1129(a)(12)-Payment of Bankruptcy Fees. In accordance with section 1129(a)(12) of the Bankruptcy Code, Article III(B) of the Plan provides for the payment of all Administrative Expenses, which include fees payable under 28 U.S.C. § 1930 on or before the Effective Date. The Debtors and/or Liquidating Debtors have adequate means to pay all such fees.

S.    Section 1129(a)(13)-Retiree Benefits. The Debtors are not obligated to provide any retiree benefits, as such term is defined in section 1114 of the Bankruptcy Code. As a result, no such benefits are required to be continued under the Plan, and the Plan accordingly satisfies section 1129(a)(13) of the Bankruptcy Code.

T.    Section 1129(a)(14) – Domestic Support Obligations. The Debtors are not required by a judicial or administrative order, or by statute, to pay domestic support obligations.

10

Accordingly, section 1129(d)(14) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

U.     Section 1129(a)(15) - Debtors are Not Individuals. The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

V.     Section 1129(a)(16) - No Applicable Nonbankruptcy Law Regarding Transfers. The Debtors are moneyed, businesses or commercial corporations, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

W.     Section 1129(b) – Plan Does Not Unfairly Discriminate. All applicable requirements of section 1129(b) of the Bankruptcy Code have been met. Classes 3 and 4 are not being paid in full on account of the Claims in such class. Classes 5 and 7 will not receive or retain any property under the Plan. Further, the principal purpose of the Plan is not the avoidance of taxes or the avoidance of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e), as amended). Accordingly, the provisions of section 1129(d) of the Bankruptcy Code are met.

X.     Section 1129(b)(1) and (2) – Cramdown. Classes 5 and 7 are deemed to reject the Plan. Based upon the evidence presented, adduced or proffered by the Debtors at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the holders of claims in Classes 5 and 7, as required by section 1129(b)(1) and (2) of the Bankruptcy Code. Accordingly, the Plan is confirmable notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Class 5 and 7, pursuant to section 1129(b)(1) of the Bankruptcy Code. Upon confirmation of the Plan and the occurrence of the Effective Date, the Plan shall be binding upon the holders of claims in Classes 5 and 7.

11

Y.    Section 1129(c) - Only One Plan.  The Plan is the only plan filed in these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

Z.    Section 1129(d) - Principal Purpose of the Plan.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, thereby satisfying the requirements of section 1129(d) of the Bankruptcy Code.

AA.    Section 1125(e) - Good Faith Solicitation.  Based on the record before the Court in these Chapter 11 Cases, (i) the Debtors are deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including without limitation, sections 1125(c) and (e) of the Bankruptcy Code, and any applicable non-bankruptcy law, rule or regulation governing the adequacy of disclosure in connection with such solicitation, and (ii) the Debtors and all of their respective representatives shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the solicitation of the Plan and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

BB.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

CC.    Good Faith.  The Debtors will be acting in good faith if they proceed to (i) consummate the Plan, and (ii) take the actions authorized and directed by this Order.

12

DD.  <u>Reduction of Stay Period.</u>  There is cause to shorten the 10-day stay of effectiveness under Bankruptcy Rule 3020(e) because (1) this is a consensual Plan which has the support of the major parties in interest, (2) Creditors have had an adequate opportunity to review any changes to the Plan, as relevant to such Creditors' claims, and (3) Creditors are benefited by having the Effective Date occur as soon as possible so that distributions may occur promptly.

## Order Confirming Plan

Based upon the record of the Confirmation Hearing, all the proceedings held before this Court in the Chapter 11 Cases, and the foregoing findings of fact and conclusions of law, **IT IS HEREBY ORDERED THAT**:

1.  <u>Confirmation.</u>  The Plan and each of its provisions (and exhibits thereto) shall be, and hereby are, **CONFIRMED** and approved in each and every respect pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. All objections and responses to, and statements and comments regarding, the Plan, to the extent not already withdrawn or resolved pursuant to representations on the record at the Confirmation Hearing, shall be, and hereby are, overruled.

2.  <u>Omission of Reference to Particular Plan Provisions.</u>  The failure to specifically describe or include any particular provision of the Plan (or exhibit thereto) in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be approved and confirmed in its entirety. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect of every other provision of the Plan, whether or not mentioned in this Confirmation Order.

13

In the event of any inconsistencies between the Plan and this Confirmation Order, this Confirmation Order shall govern.

3. Plan Classification Controlling. The classification of Claims and Interests for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for the purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditors as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not be binding on the Debtors, the Liquidating Debtors or the Plan Representative for purposes other than voting on the Plan.

4. Rejection of Executory Contracts and Unexpired Leases. Except for any executory contracts or unexpired leases: (i) that previously were assumed or rejected by an order of the Bankruptcy Court, pursuant to section 365 of the Bankruptcy Code; (ii) as to which a motion for approval of the assumption or rejection of such contract or lease has been filed and served prior to Confirmation; or (iii) that constitute contracts of insurance in favor of, or that benefit, the Debtors or the Estates, each executory contract and unexpired lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated pursuant to it own terms shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the Effective Date. This Confirmation Order shall constitute an Order of the Bankruptcy Court

14

approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

5.   Continued Corporate Existence and Vesting of Assets.   The Debtors will, as the Liquidating Debtors, continue to exist on and after the Effective Date as separate corporate Entities, with all of the powers of corporations under the applicable non-bankruptcy law, and without prejudice to any right to alter or terminate their existence (whether by merger or otherwise), provided that the Liquidating Debtors' sole purpose from and after the Effective Date will be to make distributions to Creditors consistent with the Plan and to otherwise effectuate the Wind-Down. Except as otherwise provided in the Plan, on and after the Effective Date, all Distributable Assets and property of the Estates of the Debtors, including all Retained Rights of Action, and any property acquired by the Debtors under or in connection with the Plan will vest in the Liquidating Debtors free and clear of all Claims, Liens, charges, other encumbrances and Interests.

6.   Retained Rights of Action.   Unless a Right of Action or objection to Claim is, in writing, expressly waived, relinquished, released, assigned, compromised, or settled in the Plan, or in a Final Order, all rights with respect to such Retained Right of Action or objections to Claims are expressly preserved for the benefit of, and fully vested in, the Liquidating Debtors. The Liquidating Debtors may pursue, or decline to pursue, the Retained Rights of Action and objections to Claims, as appropriate, in the business judgment of the Plan Representative and the Supervisory Board. The Liquidating Debtors may settle, release, sell, assign, otherwise transfer, or compromise, Retained Rights of Action and/or objections to Claims without need for notice or order of the Bankruptcy Court.

15

7.  Corporate Governance.  From and after the Effective Date, subject to the oversight of the Supervisory Board, the Liquidating Debtors shall be managed and administered through the Plan Representative, who shall be appointed as sole officer of each of the Liquidating Debtors, and shall have full authority to execute the provisions of the Plan.  The initial Plan Representative shall be James M. Gallagher.  Any successor thereto shall be appointed by the Supervisory Board after the Effective Date in accordance with applicable corporate governance documents.  The Supervisory Board shall be appointed as directors for each of the Liquidating Debtors pursuant to 8 Delaware Code §303, with supervisory authority over the Plan Representative.  The initial Supervisory Board shall consist of Jeffrey Fitts, Harvey Siegel, and Kurt Plumer.

8.  Substantive Consolidation.  In furtherance of the settlements contained in the Plan, the entry of this Confirmation Order shall constitute approval by the Bankruptcy Court, pursuant to sections 105(a) and 1123(a)(5)(C) of the Bankruptcy Code, as of the Effective Date, of the substantive consolidation of the Debtors and their respective Estates, solely for purposes of voting and distributions under the Plan.  Pursuant to the Confirmation Order, on and after the Effective Date, (i) all Distributable Assets to be used for distributions to Creditors of any of the Debtors will be treated as though they were merged into the Liquidating Debtors; (ii) any obligation of any Debtor and all guarantees thereof executed by, or joint liability of, any of the Debtors will be treated as one obligation of the Liquidating Debtors for distribution purposes pursuant to this Plan; and (iii) any Claims filed against any Debtors shall be treated as a single Claim filed against the Liquidating Debtors for distribution purposes pursuant to the Plan. Notwithstanding the foregoing, the substantive consolidation of the Debtors for voting and

16

distribution purposes shall not affect or impair (i) any rights, Claims or remedies or defenses of (or between) the separate Debtors as of the Petition Date, including with respect to any Retained Rights of Action; (ii) the legal and organizational structure of the Debtors, (iii) any Liens that are maintained, recognized, or preserved under the Plan; and (iv) claims under or with respect to any insurance policy of any Debtor (or any right to the proceeds of any such policy or policies).

9. Settlements Approved. Upon the Effective Date, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the settlements with the Lenders, the Holders of Subordinated Debt Claims, and Executives, including any matters involving Intercompany Claims, encompassed in the Plan are approved on the terms set forth therein.

10. Exculpation and Releases. Article X of the Plan is hereby approved. The exculpation and releases contained in the Plan are fair and equitable, are given for valuable consideration, are in the best interests of the Debtors, their Estates, and their creditors to the extent set forth therein, and shall be effective and binding upon all persons and entities.

11. Binding Nature of Plan. This Confirmation Order will bind the Debtors, all Holders of Claims, Administrative Expenses, Superpriority Claims or Interests and other parties in interest to the provisions of the Plan whether or not the Claim, Administrative Expense, Superpriority Claim or Interest of such Holder is Impaired under the Plan and whether or not the Holder of such Claim, Administrative Expense, Superpriority Claim or Interest has accepted the Plan.

12. Immediate Effectiveness; Successors and Assigns. Immediately upon the entry of this Confirmation Order, the terms of the Plan shall be, and hereby are, deemed binding

17

upon the Debtors, the Liquidating Debtor, and the Plan Representative, any and all holders of the Claims or Interests (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests have accepted or are deemed to have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the Debtors, and their respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

    13. Corporate Action / Dissolution: On the Effective Date, the matters under this Plan involving or requiring corporate action of the Debtors, including but not limited to, actions requiring a vote or other approval of the board of directors or shareholders or execution of all documentation incident to this Plan, shall be deemed to have been authorized by the Confirmation Order and to have occurred and be in effect from and after the Effective Date without any further action by the Bankruptcy Court or the officers and directors of the Debtors. On the Effective Date, all officers and directors of the Debtors shall be deemed removed from such positions and the Debtors' charters shall be deemed amended to prohibit (1) the issuance of nonvoting equity securities, or (2) the existence of securities possessing an inappropriate distribution of voting power, all as more specifically required and described in section 1123(a)(6) of the Bankruptcy Code. Upon entry of a final decree, the Liquidating Debtors shall be deemed dissolved and wound up without any further action required by the Liquidating Debtors and the Debtors' shareholders or boards of directors, subject to any requirements of applicable state law.

    14. Exemptions from Taxation. Pursuant to section 1146(c) of the Bankruptcy Code, the making or delivery of an instrument of transfer under a plan may not be taxed under any law imposing a stamp tax or similar tax. Pursuant thereto, and because the Debtors are

18

liquidating their Estate Assets hereunder, entry of this Confirmation Order shall be a determination that no stamp tax or similar tax may be imposed on any sale of property by the Debtors or Liquidating Debtors.

15. Injunction. Except as provided in the Plan or in this Confirmation Order, as of the Confirmation Date, all Entities that have held, currently hold or may hold a Claim, Administrative Expense, Superpriority Claim, Interest or other debt or liability that is stayed, Impaired or terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions either (x) against the Debtors, the Liquidating Debtors or their property on account of all or such portion of any such Claims, Administrative Expenses, Superpriority Claims, Interests, debts or liabilities that are stayed, Impaired or terminated or (y) against any Person with respect to any Right of Action or any objection to a Claim, Administrative Expense, Superpriority Claim or Interest, which Right of Action or objection, under the Plan, is waived, released or exclusively retained by any of the Debtors: (a) commencing or continuing, in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order, (c) creating, perfecting or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due; and (e) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan. To avoid any doubt, except as otherwise expressly noted in the Plan, nothing in the Plan or herein shall be construed or is intended to affect, enjoin, modify, release or waive any claims, rights, and actions that a third party may have against a person other than the Debtors or the Liquidating Debtors, provided that such

19

claims, rights, and actions are wholly separate and exist independently from any claims, rights and actions of the Estates.

16. Retention of Jurisdiction. Notwithstanding entry of the Confirmation Order or the Effective Date having occurred, the Bankruptcy Court shall have jurisdiction over matters arising out of, and related to the Chapter 11 Cases and the Plan as set forth in Article XIV of the Plan.

17. Payment of Statutory Fees. All fees payable pursuant to 28 U.S.C § 1930 as determined by the Bankruptcy Court at the hearing pursuant to section 1128 of the Bankruptcy Code, shall be paid on or before the Effective Date. From and after the Effective Date, the Liquidating Debtors shall accrue (and pay) fees under 28 U.S.C § 1930 as separate debtor entities until a final decree is entered or the Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code. The Liquidating Debtors shall file with the Bankruptcy Court quarterly status reports in a form reasonably acceptable to the U.S. Trustee.

18. Pending Appeals. Nothing in this Confirmation Order or the Plan shall affect or in any way alter the rights of the United States Trustee to pursue any appeals of the MIP Order currently pending before the United States District Court for the District of Delaware. [Dist. Ct. Civ. Case Nos. 06-520 and 06-521].

19. Notice of Entry of Confirmation Order. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors or the Liquidating Debtors, may, but are not required, to serve a notice of the entry of this Confirmation Order on the United States Trustee and all holders of Claims or Interests to whom the notice of the Confirmation Hearing was sent. The Debtors or the Liquidating Debtors, as applicable, shall be, and hereby are, directed to serve

20

copies of this Confirmation Order on each party that has filed a notice of appearance in these Chapter 11 Cases and on each party who filed an objection or response to, or statement or comment regarding the Plan, no later than thirty (30) days after the Confirmation Date. No further notice of the entry of this Confirmation Order shall be required.

20. Dissolution of Committee. As of the Effective Date, the Official Committee shall withdraw from any pending appeal of the MIP Order with prejudice and thereupon the Official Committee shall be dissolved, provided however, that notwithstanding such dissolution, the Official Committee's professionals may seek payment of any unpaid Administrative Expenses pursuant to the Plan.

21. Termination of Interests. Upon the Effective Date, all Interests and other rights of equity security holders in the Debtors shall terminate.

22. Distributions. Subject to Bankruptcy Rule 9010, and except as provided in the Plan, distributions and deliveries to holders of Allowed Claims shall be made at the address of each such holder as set forth on the Schedules filed with the Bankruptcy Court unless superseded by the address set forth on proofs of claim filed by such holders, or at the last known address of such a holder if no proof of claim is filed, or if the Debtors or Liquidating Debtors have been notified in writing of a change of address. The Plan Representative will make all Distributions provided for under the Plan, except as otherwise set forth in the Plan. The Plan Representative shall not be required to post any bond.

23. Further Assurances. The Debtors, the Liquidating Debtors, Plan Representative, the Official Committee, and each of the Support Parties and all Holders of Claims receiving Distributions under the Plan and all other parties in interest shall, from time to

21

time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan, without further order of the Bankruptcy Court.

24. <u>Inconsistencies Between Plan and Confirmation Order.</u> To the extent of direct inconsistency between the provisions of the Plan and this Confirmation Order, the terms and conditions contained in this Confirmation Order shall govern.

25. <u>Integration of Provisions.</u> The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

26. <u>Order Effective Upon Entry.</u> This Confirmation Order shall be effective and enforceable upon entry, and shall not be stayed, under Bankruptcy Rule 3020(e) or otherwise, unless otherwise expressly ordered by this Court.

IT IS SO ORDERED.

Dated: September 10, 2008

_____
Honorable Christopher Sontchi
United States Bankruptcy Judge

22